UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERBERT EDWARD WOODALL,

       Plaintiff,

v.                                                                                            Case No. 2:07-cv-27

COMMISSIONER OF SOCIAL SECURITY,                       HON. ROBERT HOLMES BELL

       Defendant.
_____/

## REPORT AND RECOMMENDATION

In June of 2002, plaintiff Herbert Edward Woodall filed an application for disability insurance benefits (DIB) and in March of 2003 plaintiff applied for supplement security income (SSI) benefits. *See* Transcript of Administrative Hearing at pages 30-32, 208-210 (hereinafter Tr. at ____). Plaintiff alleges that he became disabled as a result of injuries suffered to his back following a driving accident and a four-wheeler accident. Tr. at 35, 238, 244. Plaintiff's applications for DIB and SSI benefits were denied in October of 2002 and June of 2003, respectively. Tr. at 21, 211. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held in May of 2006. Testifying at that hearing were plaintiff, his landlady, and Vocational Expert David Ostwald. Tr. at 236-280. The ALJ issued a decision in August of 2006 finding that plaintiff was not entitled to disability benefits. According to the ALJ:

> The examining source's opinion on the issue of the nature and severity of the claimant's impairments is found to be well supported by medically acceptable clinical and laboratory diagnostic techniques, as consistent with the other substantial evidence in the case record that their opinion will be given controlling weight.

Tr. at 17. The ALJ found that:

> The claimant retains the residual functional capacity to perform work activity at the sedentary exertional level, he is capable of lifting/carrying less than 10 pounds frequently and 10 pounds occasionally, standing or walking less than 2 hours out of an 8-hour workday, sitting about 6 hours in an 8-hour workday, limited pushing and pulling. Occasionally climbing stairs, stooping, kneeling, crouching and crawling. Limited left hand gross manipulation and unlimited right hand manipulation as well as avoidance of extreme cold, extreme heat, vibration and machinery involving hand and leg control.

Tr. at 18-19. The ALJ also found that "assistive devices were not medically required or needed for ambulation" and that plaintiff was capable of carrying 5 to 10 pounds frequently and 20 to 25 pounds occasionally. Tr. at 16.

The medical record clearly establishes that plaintiff suffered a fractured vertebrae following a motor vehicle accident. Tr. at 155. Following that accident in September of 2002, plaintiff did not require the use of assistive devices for ambulation. Tr. at 155. MRI and X-rays established that plaintiff had a disc herniation at the L5-S1 level and degenerative disease of his back. It was recommended in July of 2002 that plaintiff participate in a physical therapy program and he was placed on Motrin twice daily for his pain. The medical evidence of record establishes that plaintiff suffers from lumbar degenerative disease and L3-L4 right pars intra-articularis and L5-S1 small focal right paracentral disc herniation, slightly smaller in the interval. Tr. at 194. In 2006, plaintiff was prescribed Methadone, Flexeril and Naprosyn for his pain. Tr. at 196. In the spring of 2005, plaintiff was referred to Dr. Coccia by Dr. Anuebunwa for consultation regarding plaintiff's condition. Dr. Coccia explained:

> Mr. Woodall has mechanical back pain, without any radicular symptoms at this time. I do not believe that surgical intervention for him is most appropriate. He very much needs a comprehensive rehabilitation program and, frankly, with his longstanding history of pain, disability and lack of participation in the workforce, it is unlikely that he would succeed in this environment. I do not believe

> that surgical intervention on his lumbar disc will be productive for him. He was quite angry that I did not have the answer for him. Unfortunately, nonspecific back pain is multifactorial in nature and very often an underlying pain generator cannot be determined.

Tr. at 197-198.

> The MRI performed in January of 2005 indicated:
>
> IMPRESSION:
>
> 1.  Moderate size right paracentral disk herniation at the L5-S1 level larger than on the previous examination.
>
> 2.  Mild multilevel osseous degenerative disease.

Tr. at 199.

Plaintiff's treating physician, Dr. Ganzhorn, indicated in January of 2005 that plaintiff was unable to work. Tr. at 201. In November of 2005, following a review of the 2005 MRI and an x-ray performed in January of 2005, Dr. Ganzhorn indicated that plaintiff was never capable of lifting less than five pounds and required a walker or cart as as assistive device when shopping. Dr. Ganzhorn indicated that plaintiff's condition was deteriorating and that the disc herniation at L5-S1 was larger than on previous examinations. In addition, Dr. Ganzhorn indicated that there was significant arthritis at the facet joints. Tr. at 202-203. Dr. Ganzhorn indicated that plaintiff could stand for 15 minutes and walk for 15 minutes with a walker or cart and could sit for a maximum of two hours. At that time, plaintiff was taking Vicodin and Percocet for pain. Tr. at 234. Dr. Ganzhorn was the "examining source's opinion" and this opinion was being given controlling weight. Tr. at 17.

This Court has jurisdiction to review the Commissioner's decision denying SSI benefits pursuant to 42 U.S.C. § 405(g). Judicial review of the denial of SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether

-3-

the Commissioner employed the proper legal standard. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. It has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). This Court is not permitted to try the case *de novo*, nor resolve conflicts in the evidence and cannot decide questions of credibility. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). This Court is required to examine the administrative record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence, even if this Court would have decided the matter differently. *See Kinsella v. Schwikers*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (an *en banc* decision holding that the court must affirm a Commissioner even if substantial evidence would support the opposite conclusion).

In this case, the ALJ denied the claimant's application for benefits at the fifth step of the sequential evaluation process. The first step examines whether the claimant is performing substantial gainful activity. If he is, he is not disabled. The second step requires the Commissioner to determine whether or not the claimant suffers from a severe impairment. If he does not, then he is not disabled. At the third step, the Commissioner examines whether or not the claimant is performing substantial activity and is suffering from a severe impairment that is expected to last for more than 12 months. If the claimant meets a listed impairment, the claimant is presumed disabled. At the fourth step, the Commissioner examines whether the claimant's impairment prevents him from doing his past relevant work. If it does not, the claimant is not disabled. At the fifth step, the Commissioner determines whether or not, given the claimant's impairments and an inability to do his past relevant work, consideration must be given to whether there is other work which exists in

the national economy which the claimant is capable of performing. It was at this fifth step that the Commissioner found, considering plaintiff's severe impairments, that plaintiff was capable of performing work which existed in the national economy.

I have carefully reviewed the entire medical record in this case. I am unfortunately constrained to find that there is not substantial evidence to support the decision of the Commissioner in this case. The medical evidence of record does support the Commissioner's finding that in 2002 and 2003 plaintiff was capable of substantial gainful employment and could perform sedentary work as found by the Commissioner. The ALJ relied upon the opinions of the treating physicians in reaching the determination that plaintiff was not disabled. However, a review of the medical evidence of record establishes that if the ALJ found the treating physicians' findings consistent with the evidence and gave their opinions controlling weight, then there is no question but that plaintiff did become totally disabled as a result of a deterioration in his condition. The medical evidence of record indicated that plaintiff's disc herniation was larger in 2005 than it was in 2002. Tr. at 201. Plaintiff's primary treating physician, Dr. Ganzhorn, found that by 2005, plaintiff was no longer capable of lifting or carrying. Tr. at 203. Moreover, plaintiff needed assistive devices for ambulation by 2005. Tr. at 203. The 2005 x-ray of plaintiff showed significant arthritis at the facet joints. Tr. at 202. Furthermore, plaintiff was prescribed Motrin for pain when his condition was first diagnosed, but by the time of the hearing he was taking Methadone, Vicodin and Percocet. It was the Commissioner who found that the opinions of the treating physicians were consistent with the medical evidence of record and were being relied upon in reaching the conclusion regarding plaintiff's disability. There is not substantial evidence in the record to support finding the treating physicians credible in 2002 but not credible in 2005 and 2006. Plaintiff suffered from degenerative disc disease and arthritis in his back and the medical treaters clearly indicate that plaintiff's condition

was deteriorating. Accepting Dr. Ganzhorn's opinion, as the ALJ did, there is but one conclusion– plaintiff had become totally disabled prior to the time of the hearing in 2006. Plaintiff was no longer capable of lifting or carrying even five pounds at that time.

Accordingly, it is respectfully recommended that the decision of the Commissioner denying plaintiff's request for disability benefits be reversed. It is further recommended that the matter be remanded to the Commissioner for a determination as to when plaintiff became totally disabled and a calculation of the benefits to which plaintiff is entitled.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley  
        TIMOTHY P. GREELEY  
        UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2008