UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERBERT EDWARD WOODALL,

      Plaintiff,                                        File No. 2:07-CV-27

v.                                                    HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
                                                          /

**MEMORANDUM OPINION AND JUDGMENT ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff Herbert Edward Woodall's objections to the Magistrate Judge's February 29, 2008, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance and supplemental security income benefits be reversed and that the matter be remanded to the Commissioner for a determination as to when Plaintiff became totally disabled and a calculation of the benefits to which Plaintiff is entitled. The Commissioner has not filed objections to the R&R and the time for filing such objections has now passed.

      This Court is required to make a de novo review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3). Although the Magistrate Judge's R&R is reviewed de novo, the Commissioner's decision will be affirmed if there is substantial evidence in the record to support the administrative law judge's findings of fact and if the correct legal standards were applied. 42 U.S.C. § 405(g); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

Plaintiff makes three objections to the R&R.

Plaintiff's first objection is to a statement the Magistrate Judge made in setting forth Plaintiff's medical history. The R&R states: "Following that accident in September of 2002, plaintiff did not require the use of assistive devices for ambulation." (R&R 2.) Plaintiff contends that the administrative record indicates that at that time he did require the use of an assistive device for ambulation. A September 12, 2002, letter from Dr. R. Scott Lazzara to the Disability Service Examiner makes three statements regarding Plaintiff's use of an assistive device. (Dkt. No. 7, Admin. R. 152-56, Sept. 12, 2002 Letter from Dr. Lazzara) Under the heading "Chief Complaints" Dr. Lazzara stated that "[Plaintiff] does not use an assist device." (Sept. 12, 2002 Letter from Dr. Lazzara 1.) Under the heading "Physical Examination: Neuro" Dr. Lazzara stated that "[Plaintiff] walks with a normal gait without the use of an assist device." (*Id.* at 4.) Under the heading "Conclusions: Lumbar spine pain" Dr. Lazzara stated that "[Plaintiff] does require the use of an assist device for ambulation." (*Id.*) The second statement is the most specific as Dr. Lazzara was providing a description of Plaintiff's gait. In consideration of the statement in the "Chief Complaints"

2

section and the more specific statement about Plaintiff's gait, the statement under "Conclusions: Lumbar spine pain" is most properly read as a typographical error (i.e., that "not" was inadvertently omitted between "does" and "require"). Therefore, Plaintiff's first objection will be denied.

Plaintiff's second objection is to the Magistrate Judge's statement that "The medical evidence of record does support the Commissioner's finding that in 2002 and 2003 plaintiff was capable of substantial gainful employment and could perform sedentary work as found by the commissioner." (R&R 5.) Plaintiff contends that there is an error in the foregoing conclusion, but Plaintiff has not specifically identified that error. Plaintiff's second objection will be denied based on the lack of specificity in Plaintiff's second objection. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("'[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.'" (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995))).

Plaintiff's third objection is to the Magistrate Judge's recommendation that this matter be remanded to the Commissioner. Plaintiff contends that instead of remanding this matter to the Commissioner, the Court should modify the Commissioner's decision and award Plaintiff benefits. Plaintiff directs the Court to two cases in support of the Court modifying the award, *Gavin v. Heckler*, 811 F.2d 1195 (8th Cir. 1987) and *Nalley v. Apfel*, 100 F. Supp. 2d 947 (S.D.N.Y. 2000). The Magistrate Judge concluded that the opinion of the doctor upon whom the ALJ relied supported "but one conclusion – plaintiff had become

totally disabled prior to the time of the hearing in 2006." (R&R 6.) The remand recommended by the Magistrate Judge is not for a complete rehearing, rather the remand is for the Commissioner to determine "when plaintiff became totally disabled and a calculation of the benefits to which plaintiff is entitled." (*Id.*) In *Nalley* the court ordered a remand with a scope similar to the remand recommended by the Magistrate Judge in the instant case, so *Nalley* does not suggest any error in the Magistrate Judge's recommendation. 100 F. Supp. 2d at 954. The court in *Gavin* did not remand the case to the Commissioner; rather, the court directed the district court to enter judgment in favor of the claimant. 811 F.2d at 1202. In *Gavin* the court concluded that "the total record is overwhelmingly in support of a finding of disability and the claimant has demonstrated his disability by medical evidence on the record as a whole . . . ." *Id.* at 1201. *Gavin* is distinguishable from the instant case because the question of when Plaintiff became totally disabled is not resolved by overwhelming evidence in the administrative record. Therefore, Plaintiff's third objection will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 38) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 37) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance and supplemental security income benefits is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). This matter is remanded to the Commissioner for a determination as to when Plaintiff became totally disabled and a calculation of the benefits to which Plaintiff is entitled**.**

**IT IS FURTHER ORDERED** that the miscellaneous other motions filed by Plaintiff (Dkt. Nos. 13, 16, 17, 19, 20, 22, 26, 29, 30, 32, 34, 35, 39) are **DENIED AS MOOT**.

Date:     March 31, 2008             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE